UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEAN DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GIOVERNMENT, et al.,<br><br>Defendants. | No. 2:18-cv-0354 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. Plaintiff's amended complaint is before the court for screening pursuant to 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court has reviewed plaintiff's amended complaint and finds that it does not state a claim upon which relief can be granted. Parts of the amended complaint are either difficult or impossible to decipher due to plaintiff's handwriting. The parts of the amended complaint that

1

the court can decipher are generally confusing or not relevant to stating a claim upon which plaintiff might proceed. For these reasons, the amended complaint will be dismissed. The court will give plaintiff one final opportunity to articulate a claim upon which he many proceed.

Plaintiff is informed again that in order to state a claim upon which he may proceed he must point to facts indicating the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Again, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, if plaintiff chooses to hand write his second amended complaint, it must be legible. Further, the second amended complaint must be written in plain terms, and it shall not include any information not essential to plaintiff's articulation of his claim.

/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 15) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 13, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
daws0354.14(2)

3