UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEAN DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>Defendants. | No.  2:18-cv-0354 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On May 8, 2019, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court found that plaintiff could proceed on claims for excessive force arising under the Eighth Amendment and retaliation arising under the First Amendment against Correctional Officer M. Daily as alleged in pages 3-5 of plaintiff's second amended complaint.  Defendant Daily (defendant) has filed a motion for summary judgment, arguing, among other things, that plaintiff failed to exhaust available administrative remedies prior to filing suit as he is required to do under 42 U.S.C. § 1997(e)(a).

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1

Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

1    the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
2    Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
3    amendments).
4        In resolving the summary judgment motion, the evidence of the opposing party is to be
5    believed. See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the
6    facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475
7    U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
8    obligation to produce a factual predicate from which the inference may be drawn.  See Richards
9    v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
10   (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
11   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
12   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
13   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
14   II. Plaintiff's Allegations
15       On pages 3-5 of plaintiff's second amended complaint, plaintiff alleges that on November
16   16, 2017 defendant caused plaintiff to be attacked by inmate Erik Silva in retaliation for
17   complaints filed by plaintiff against prison officials.
18   III. Defendant's Argument and Analysis
19       Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be
20   brought with respect to prison conditions under section 1983 of this title, . . . until such
21   administrative remedies as are available are exhausted."  The exhaustion requirement demands
22   "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  In order to "properly
23   exhaust" administrative remedies, the prisoner must generally comply with department procedural
24   rules, including deadlines, throughout the administrative process.  Jones v. Bock, 549 U.S. 199,
25   218 (2006); Woodford, 548 U.S. at 90-91.
26       At the time of the incidents at issue in this case, administrative procedures with respect to
27   claims brought in this court by California Department of Corrections and Rehabilitation inmates
28   were exhausted once the third level of review was complete. The third level of review constitutes

1  the decision of the Secretary of the California Department of Corrections and Rehabilitation
2  (CDCR).  Cal. Code Regs. tit. 15, § 3084.7.
3       Defendant points to evidence indicating that plaintiff submitted a grievance concerning
4  the facts supporting plaintiff's remaining claims.  ECF No. 85-6 at 48.  Ultimately, the grievance
5  was cancelled at the final level as untimely.  Id. at 46.  Under Cal. Code Regs. tit 15. § 3084.8
6  (repealed June 1, 2020) inmate grievances must be submitted within 30 days of the occurrence of
7  the events being appealed, provided the inmate had knowledge of the events.  The reviewer at the
8  final level found that plaintiff's grievance was not submitted until February 18, 2018, making it
9  approximately two months late, and that plaintiff had the opportunity to file a timely grievance.
10 Id.  It does not appear that plaintiff attempted to explain his delay in filing his grievance in his
11 grievance, or in his appeal to the final level.
12      If an inmate's administrative appeal is cancelled, the inmate can file a separate grievance
13 regarding the cancellation decision.  Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).  Plaintiff was
14 informed of this in the final level cancellation of his grievance.   Plaintiff never filed such a
15 grievance.
16      In his response to defendant's motion, plaintiff fails to present any argument suggesting
17 the cancellation of his grievance was not proper or anything else suggesting that plaintiff did
18 properly exhaust all of the administrative remedies available to him.

19 IV.  Conclusion

20      There is no genuine issue of material fact before the court as to whether plaintiff properly
21 exhausted all administrative remedies available to him with respect to his remaining claims.
22 Accordingly, the court will recommend that defendant's motion for summary judgment be
23 granted and plaintiff's remaining claims be dismissed.  In light of the foregoing, the court need
24 not address the other arguments presented in the motion for summary judgment.
25 /////
26 /////
27 /////
28 /////

4

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Dailey's motion for summary judgment (ECF No. 85) be granted;

2. Plaintiff's remaining claims be dismissed for failure to exhaust available administrative remedies; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 27, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
daws0354.fte